```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                       HOUSTON DIVISION

FLOYD J. GABRIEL,                §
                                 §
          Plaintiff,             §
                                 §
VS.                              §   CIVIL ACTION H-11-3356
                                 §
ONEWEST BANK FSB,                §
                                 §
          Defendant.             §
FLOYD J. GABRIEL AND RACQUEL     §
DAVIS,                           §
                                 §
          Plaintiffs,            §
                                 §
VS.                              §   CIVIL ACTION H-12-324
                                 §
FEDERAL NATIONAL MORTGAGE        §
ASSOCIATION A/K/ FANNIE MAE      §
AND ONEWEST BANK, FSB,           §
                                 §
          Defendants.            §
```

**OPINION AND ORDER OF CONSOLIDATION**

Pending before the Court in H-11-3356 cause is Defendant OneWest Bank's motion to consolidate the above referenced cases (instrument #8), which were both removed from state court and which allege wrongful foreclosure of the same property, have a common plaintiff (Floyd J. Gabriel), and a common Defendant (OneWest Bank), and involve common issues of fact and law. Both cases are pending on the undersigned judge's docket.

Federal Rule of Civil Procedure 42(a) provides,

> If the actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2)

>consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay.

A court has wide discretion in deciding whether two or more actions have common questions of law and fact and whether consolidation would save time and money. *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761-62 (5th Cir. 1989). Factors for the court to consider in determining if consolidation is appropriate are whether (1) the actions are pending before the same court; (2) there are common parties; (3) there are common questions of law or fact; (4) there is risk of prejudice or confusion if the cases are consolidated and if so, whether the risk is outweighed by the risk of inconsistent adjudications of factual and legal issues; (5) consolidation will conserve judicial resources and reduce the time and cost of handling the cases separately; and (6) the cases are at different stages. *In re Enron Corp. Sec., Derivative & ERISA Litig.*, Nos. H-01-3624, *et al.*, 2007 WL 446051, *1 (S.D. Tex. Feb. 7, 2007. The Court may order consolidation even where the parties are opposed to it and its determination many "take precedence over the desires of counsel." *Id., citing In re Air Crash Disaster at Florida Everglades on Dec. 19, 1972 v. Eastern Air Lines, Inc.*, 549 F.2d 1006, 1013, 1014 (5th Cir. 1977). District courts frequently consolidate cases before them that overlap substantially. *Gate Guard Services, LP v. Solis*, Civ. A. No. V-10-91, 2011 WL 2784447, *14 (S.D. Tex. July 12, 2011), *citing O'Hare v. Vulcan Capital, LLC*, No. SA-04-CA-566-OG, 2007 WL 996437, *3 (W.D. Tex. Feb. 20,

2007).

Consolidation does not merge suits into a single cause of action or change the rights of the parties, *In re Enron*, 2007 WL 446051, *1, *citing Frazier v. Garrison I.S.D.*, 980 F.2d 1514, 1532 (5th Cir. 1983)("[A]ctions maintain their separate identity even if consolidated"); *McKenzie v. U.S.*, 678 F.2d 571, 54 (5th Cir. 1982)("[C]onsolidation does not cause one civil action to merge from two"); *Miller v. U.S. Postal Serv.*, 729 F.2d 1033, 1036 (5th Cir. 1984)(courts have emphasized that following consolidation it is vital that "the two suits retain their separate identities" even to the point that each requires "the entry of a separate judgment.").

As noted, these two cases are on this Court's docket, they have a common plaintiff and common defendant, they arise out of foreclosure on the same property, they have common issues of law and fact, there is no risk of confusion, and consolidation will conserve judicial resources and reduce the time and cost of handling the cases separately. Neither case has been set on schedule yet, so the litigation is at the same stage in both.

One difference is that Plaintiff Floyd J. Gabriel is proceeding *pro se* in H-11-3356. As reflected on the docket sheet, he has failed to appear for two scheduling conferences before United States Magistrate Judge Frances Stacy. There is also a pending motion to dismiss (#3), filed on September 21, 2011, to

which he has not responded.  In H-12-324, Mr. Gabriel and his co-Plaintiff, Racquel Davis, are represented by attorney Frank A. Rush.

The Court finds that consolidation is appropriate and

ORDERS that OneWest's motion to consolidate (#8 in H-11-3356) is GRANTED, and the cases shall proceed under Civil Action No. H-11-3356.  The Court further

ORDERS that Mr. Rush shall inform the Court within seven days whether he intends to represent Mr. Gabriel in both actions.  If so, the Court further

ORDERS Mr. Rush to file a response to the motion to dismiss (#3 in H-11-3356) within twenty days of receipt of this order.  If Mr. Rush is not representing Mr. Gabriel in H-11-3356, Mr. Gabriel shall file a response by the same deadline.

**SIGNED** at Houston, Texas, this  5th  day of  April , 2012.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE