UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FLOYD J GABRIEL, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:11-CV-3356 |
| | § | |
| ONEWEST BANK, FSB, | § | |
| | § | |
| Defendant. | § | |

| | | |
|---|---|---|
| FLOYD GABRIEL and RACQUEL DAVIS, | § | |
| | § | |
| | § | |
| Plaintiffs | § | CONSOLIDATED WITH |
| | § | |
| VS. | § | |
| | § | CIVIL ACTION NO. 4:12-cv-0324 |
| FEDERAL NATIONAL MORTGAGE | § | |
| ASSOCIATION A/K/A FANNIE MAE | § | |
| and ONEWEST BANK, FSB, | § | |
| | § | |
| Defendants | § | |

## OPINION AND ORDER

Pending before the Court in H-11-3356, alleging wrongful foreclosure, is Defendant Federal National Mortgage Association's ("Fannie Mae's") motion to dismiss (instrument #17).

Upon reviewing the record and reading the briefs, the Court has discovered a clerical error which has impacted this case and requires correction before this case can continue.  H-11-3356 and H-12-0324, both removed from state court by Defendant OneWest, FSB ("OneWest"), were consolidated because both assert wrongful foreclosure on the same property, have a common plaintiff (Floyd J. Gabriel ("Gabriel")), did have a common Defendant (OneWest Bank), and involve common questions of fact and law.  Opinion and Order of Consolidation, #9

in H-11-3356; #8 in H-12-324.

**Background Facts**

        In November 2007 Gabriel obtained a loan from IndyMac Bank, FSB ("IndyMac" or the "Lender") to purchase a home at 1002 Spanish Cove Drive, Crosby, Texas 77532 (the "Property").  He executed a promissory note ("Note) and Deed of Trust to secure payment of the loan.  The Note was payable to Lender and the Beneficiary under the Deed of Trust was Mortgage Electronic Registration Systems, Inc. ("MERS"), which was later conveyed to MERS.  Subsequently the loan documents were assigned and OneWest became the mortgagee.

        In the older suit, filed in state court on August 1, 2011, Gabriel proceeded *pro se* and challenged OneWest's insistence that it was the current Holder of the Note with authority to receive payments and to foreclose on his Property.  His suit sought (1) a declaratory judgment that OneWest was not the holder and the identification of the entity who is and (2) a permanent injunction against any party seeking to foreclose and take possession of his property.  On June 6, 2011 OneWest removed the suit to this Court on diversity grounds, where it became H-11-3356.

        The second action was filed on January 10, 2012 by Floyd Gabriel and Racquel Davis, owners of the Property, against Fannie Mae and OneWest (as successor in interest to IndyMac).  Gabriel fell behind on his mortgage payments in 2009.  They allege that they contacted Defendant to request assistance through a loan modification program, submitted paperwork, and sent in trial payments, but Defendants constantly asked for more paperwork which they continued to submit.

        While they were doing so, they received a Notice of Intent to Foreclose from OneWest.  The Original Petition asserts that a joint venture existed between OneWest and Fannie Mae regarding the representations they made to Plaintiffs and the eventual foreclosure sale on the

Property.   Reasonably relying on Defendants' representations and an oral agreement that Defendants would accept trial payments while Plaintiffs were in the process of having their loan evaluated for modification, Plaintiffs thought that the August 2, 2011 foreclosure would not take place because they were still in modification review.   Therefore they did not file for injunctive relief or for bankruptcy.   They believe that Defendants intentionally misrepresented their intentions to keep Plaintiffs from seeking protection prior to the foreclosure.   On August 2, 2011 Defendants proceeded to institute a Substitute Trustee's Sale of the Property to Fannie Mae. Defendants never provided Plaintiffs with proof that OneWest Bank had the right to initiate foreclosure, nor have they provided an accounting of funds received from it or of any overage received, nor have they been given any details of the conduct of the sale.

As a result of the foreclosure, Plaintiffs claim their credit has been damaged and therefore they cannot obtain a loan to buy back the Property or any other property.   They have lost clear title to the Property.   They may lose the right to possession of the property, thereby incurring expenses in relocating and obtaining alternate housing.   They also claim that they have suffered mental anguish and stress because of the potential loss of their home.

In the later suit Plaintiffs assert causes of action against Defendants for fraud, wrongful foreclosure due to fraud, slander of title, promissory estoppel, unreasonable collection, accounting and inadequate consideration, and breach of duty of fair dealing, and they seek injunctive relief.

Initially Gabriel proceeded *pro se* in H-11-3356, but after the consolidation of the two actions, attorney Frank A. Rush, representing Plaintiffs in H-12-0324 entered an appearance on behalf of Gabriel in the earlier suit as well.   #11 in H-11-3356.

In H-11-3356 before the consolidation, and therefore applicable only to that action,

OneWest filed a motion to dismiss for failure to state a claim, or, in the alternative, motion for more definite statement.  #3.  *Inter alia* it argued that under Texas law it is not required to be the Note Holder to foreclose a lien on real estate.  After Mr. Rush became counsel of record for Plaintiffs in both suits, he filed a response stating "Plaintiffs do hereby agree to the motion to dismiss in H-11-3356 involving Defendant OneWest Bank FSB only."  #12.  On April 30, 2012, the Court in an Order of Partial Dismissal (#14), noting their nonopposition, granted the motion. The Clerk's office erroneously terminated claims against OneWest in both actions even though the motion was filed before the consolidation, related only to OneWest in the earlier action, and the nonopposition was expressly limited to H-11-3356.

> In its order of consolidation (#9 at p. 3), the Court emphasized,
> Consolidation does not merge suits into a single cause of action or change the rights of the parties.  *In re Enron [Corp. Securities, Derivative & "ERISA" Litig.*, Nos. H-01-3624, et al., 2007 WL 446051, *1 (S.D. Tex. Feb. 7, 2007)]*, citing* *Frazier v. Garrison I.S.D.*, 980 F.2d 1514, 1532 (5th Cir. 1983)("[A]ctions maintain their separate identity even if consolidated"); *McKenzie v. U.S.*, 678 F.2d 571,574 (5th Cir. 1982)("[C]onsolidation does not cause one civil action to emerge from two"); *Miller v. U.S. Postal Serv.*, 729 F.2d 1033, 1036 (5th Cir. 1994)(courts have emphasized that following consolidation it is vital that "the two suits retain their separate identities" even to the point that each requires "the entry of a separate judgment.").

While dismissal of the claims against OneWest in H-11-3356 should have closed the older action in which it was the only Defendant, that portion that was H-12-324 remains open, although under the consolidated suit number.

Fannie Mae's currently pending motion to dismiss (#17) argues that since OneWest has been dismissed, the only claims against it in the Original Petition are against it as a joint venturer with OneWest, and no facts are asserted against it.  While Plaintiffs allege that OneWest and Fannie Mae acted in a joint venture in foreclosing on the Property, Fannie Mae further argues that Plaintiffs have failed to plead facts showing that there was a joint venture between the two

entities.   In response, Plaintiffs, through Mr. Rush, apparently under the belief that the consolidation did merge the two suits, also incorrectly states, "Any dismissal of Onewest [*sic*] in the original filing was solely due to the consolidation in the subsequent filing which is still pending. . . . Therefore Plaintiffs Floyd J. Gabriel and Racquel Davis request the Court to deny the Defendant's [Fannie Mae's] Motion to Dismiss  because the original filing was dismissed by agreement solely to a request to simply consolidate the cases for ease of court handling, not due to Defendant's claims for failure to state a claim."

Furthermore, Fannie Mae's motion does raise a legitimate point that Plaintiffs have failed to plead their suit in their original state court petition against both Defendants and against them as a joint venture with sufficient factual support to satisfy the federal pleading standards required in federal court.

Federal Rule of Civil Procedure 8(a)(2) provides, "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."  When a district court reviews a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), it must construe the complaint in favor of the plaintiff and take all well-pleaded facts as true. *Randall D. Wolcott, MD, PA v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011), *citing Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ."  *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007)(citations omitted).  "Factual allegations must be enough to raise a right to relief above the speculative level."  *Id.* at 1965, *citing* 5 C. Wright & A. Miller, *Federal Practice and Procedure*

§ 1216, pp. 235-236 (3d ed. 2004)("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"). "*Twombly* jettisoned the minimum notice pleading requirement of *Conley v. Gibson*, 355 U.S. 41 . . . (1957)["a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"], and instead required that a complaint allege enough facts to state a claim that is plausible on its face."  *St. Germain v. Howard*,556 F.3d 261, 263 n.2 (5th Cir. 2009), *citing In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)("To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'"), *citing Twombly*, 127 S. Ct. at 1974.   "'A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  *Montoya v. FedEx Ground Package System, Inc.*, 614 F.3d 145, 148 (5th Cir. 2010), *quoting Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1940 (2009). The plausibility standard is not akin to a "probability requirement," but asks for more than a "possibility that a defendant has acted unlawfully."  *Twombly*, 550 U.S. at 556.  Dismissal is appropriate when the plaintiff fails to allege "'enough facts to state a claim to relief that is plausible on its face'" and therefore fails to "'raise a right to relief above the speculative level.'" *Montoya*, 614 F.3d at 148, *quoting Twombly*, 550 U.S. at 555, 570.

In *Ashcroft v. Iqbal*, 129 S. Ct. at 1940, the Supreme Court opined that "only a complaint that states a plausible claim for relief survives a motion to dismiss," a determination involving "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice" under Rule 12(b).  *Iqbal*, 129 S. Ct. at 1949.  The plaintiff

must plead specific facts, not merely conclusory allegations, to avoid dismissal.  *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). "Dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief . . . ." *Rios v. City of Del Rio, Texas*, 444 F.3d 417, 421 (5th Cir. 2006), *cert. denied*, 549 U.S. 825 (2006).

As noted, on a Rule 12(b)(6) review, although generally the court may not look beyond the pleadings, the Court may examine  the complaint, documents attached to the complaint, and documents attached to the motion to dismiss to which the complaint refers and which are central to the plaintiff's claim(s), as well as matters of public record.  *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC,* 594 F.3d 383, 387 (5th Cir. 2010), *citing Collins*, 224 F.3d at 498-99; *Cinel v. Connick*, 15 F.3d 1338, 1341, 1343 n.6 (5th Cir. 1994).  *See also United States ex rel. Willard v. Humana Health Plan of Tex., Inc.*, 336 F.3d 375, 379 (5th Cir. 2003)("the court may consider . . . matters of which judicial notice may be taken").  Taking judicial notice of public records directly relevant to the issue in dispute is proper on a Rule 12(b)(6) review and does not transform the motion into one for summary judgment.  *Funk v. Stryker Corp.*, 631 F.3d 777, 780 (5th Cir. 2011).  "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

When a plaintiff's complaint fails to state a claim, the court should generally give the plaintiff at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice.  *Great Plains Trust Co v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002)("District courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or

the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal."); *United States ex rel. Adrian v. Regents of the Univ. of Cal.*, 363 F.3d 398, 403 (5th Cir. 2004)("Leave to amend should be freely given, and outright refusal to grant leave to amend without a justification . . . is considered an abuse of discretion. [citations omitted]").  The court should deny leave to amend if it determines that "the proposed change clearly is frivolous or advances a claim or defense that is legally insufficient on its face . . . ."  6 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Proc.* § 1487 (2d ed. 1990).

In addition to Rules 8(a) and 12(b)(6), fraud claims must also satisfy the heightened pleading standard set out in Federal Rule of Civil Procedure 9(b): "In allegations alleging fraud . . ., a party must state with particularity the circumstances constituting fraud or mistake.  Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."  A dismissal for failure to plead with particularity as required by this rule is treated the same as a Rule 12(b)(6) dismissal for failure to state a claim.  *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996).  The Fifth Circuit interprets Rule 9(b) to require "specificity as to the statements (or omissions) considered to be fraudulent, the speaker, when and why the statements were made, and an explanation of why they were fraudulent."  *Plotkin v. IP Axess, Inc.,* 407 F.3d 690, 696 (5th Cir. 2005).

"When a corporation is alleged to have made false representations, the court must [identify and] look to 'the state of mind of the corporate official or officials who make or issue the statement.'  It follows that '[a] corporation can  be held to have a particular state of mind [e.g., fraudulent intent] when that state of mind is possessed by a single individual.'"  *7-Eleven Inc. v. Puerto Rico-7 Inc.,* Civ. A. No. 3:08-CV-00140-B, 2008 WL 4951502, *2 (N.D. Tex. Nov. 19, 2008), *quoting Southland Sec. Corp.*, 365 F.3d 353, 366-67 (5th Cir. 2004).

To state a claim for joint venture or joint enterprise liability a plaintiff must allege facts showing the following:  (1) an agreement, express or implied, with respect to the enterprise or endeavor; (2) a common purpose; (3) a common business or pecuniary interest; and (4) an equal right to direct and control the enterprise.  *St. Joseph Hosp. v. Wolff*, 94 S.W. 3d 513, 526 (Tex. 2002), *citing Restatement (Second) of Torts* § 491 cmt. c.  A plaintiff must establish each prong. *Triplex Communications, Inc. v. Riley,* 900 S.W. 2d 716, 718 (Tex. 1995).  A finding of joint enterprise liability makes each party an agent of the enterprise, with each agent then becoming liable for the negligent acts of the other members.  *Tex. Dept. of Transp. v. Able*, 35 S.W. 3d 608, 613 (Tex. 2000).  Regarding the fourth element, "each [participant] must have an authoritative voice or . . . must have some voice and right to be heard."  *Id., quoting Shoemaker v, Estate of Whistler*, 513 S.W. 2d 10, 16 (Tex. 1974).

Accordingly for the reasons stated above, to clarify the correct status of this consolidated action, Defendant OneWest has been dismissed only as to that portion of H-11-3356 that was originally H-11-3356 before consolidation and in which it was the sole Defendant and which therefore was dismissed.  The Court

ORDERS that the Clerk of the Court shall correct the docket sheet to show that OneWest remains a Defendant in that part of H-11-3356 that was originally H-12-0324.  The Court further

ORDERS that Fannie Mae's motion to dismiss is DENIED because it was filed before consolidation, related to OneWest only in that pre-consolidated action, and assumes that OneWest is no longer a defendant.  Finally, the Court

ORDERS Plaintiffs to file with twenty days an amended complaint that complies with federal pleading rules.  Defendants shall then file timely responsive pleadings.

SIGNED at Houston, Texas, this 2nd day of August, 2013.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE